UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE SANDS,<br><br>        Plaintiff,<br><br> - against -<br><br>BDG MEDIA, INC.,<br><br>        Defendant. | Docket No. 17-cv-01868<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Steve Sands ("Sands" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant BDG Media, Inc. ("BDG" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of a scene from Woody Allen's movie 'Café Society' owned and registered by Sands, a New York City based photojournalist. Accordingly, Sands seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Sands is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 568 Grand Street, Apt. J903, New York, New York 10002. Sands' photographs have appeared in many publications around the United States.

6. Upon information and belief, BDG is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 158 West 27th Street, 11th Floor, New York, NY 10001. Upon information and belief, BDG is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, BDG has owned and operated a website at the following URL: www.bustle.com (the "Website").

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photograph**

7. On October 21, 2015, Sands photographed the filming of Woody Allen's movie 'Café Society' (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Sands then licensed the Photograph to WireImage (www.wireimage.com), a digital photo agency and wire service.

9. Sands is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-009-612.

**B. Defendant's Infringing Activities**

11. Upon information and belief, on or about July 14, 2016, BDG ran an article on the Website entitled *'Café Society' Isn't A True Story, But The Old Hollywood Romance Seems All Too Real*. See https://www.bustle.com/articles/171310-cafe-society-isnt-a-true-story-but-the-old-hollywood-romance-seems-all-too-real. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

12. BDG did not license the Photograph from Plaintiff for its article, nor did BDG have Plaintiff's permission or consent to publish the Photograph on its Website.

13. Upon information and belief, BDG removed Sands' gutter credit and attributed the Photograph to Amazon Studios/Lionsgate.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST BDG)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. BDG infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. BDG is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by BDG have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

18. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

19. Alternatively, Plaintiff is entitled to recover statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to recover his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in money damages.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST BDG
## (17 U.S.C. § 1202)

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photograph was published on WireImage, it contained copyright management information under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, BDG intentionally and knowingly removed, falsified and/or altered copyright management information identifying Plaintiff as the photographer of the Photograph.

25. The conduct of BDG violates 17 U.S.C. § 1202(b).

26. Upon information and belief, BDG's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by BDG intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. BDG also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

28. As a result of the wrongful conduct of BDG as alleged herein, Plaintiff is entitled to recover from BDG the damages that he sustained and will sustain, including his attorney's fees and costs, and any gains, profits and advantages obtained by BDG as a result of its violations of 17 U.S.C. § 1202.

29. Alternatively, Plaintiff may elect to recover statutory damages from BDG pursuant to 17 U.S.C. § 1203(c)(3), in a sum not less than $2,500 and up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant BDG be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant BDG be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202;

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).


Dated:   March 14, 2017
         Valley Stream, New York

                                             LIEBOWITZ LAW FIRM, PLLC

                                             By: /s/      Kamanta C. Kettle
                                                     Kamanta C. Kettle

                                             Kamanta C. Kettle
                                             11 Sunrise Plaza, Suite 305
                                             Valley Stream, New York 11580
                                             Telephone:  (516) 233-1660
                                             KK@LiebowitzLawFirm.com

                                             *Attorneys for Plaintiff Steve Sands*